Filed 1/27/21  P. v. Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089269 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2018-0002284) |
| v. | |
| JOE HENRY MARTINEZ, JR., | |
| Defendant and Appellant. | |

A jury found defendant Joe Henry Martinez, Jr., guilty of possessing child pornography.  The trial court sentenced him to the middle term of two years in state prison.  On appeal, defendant contends the trial court abused its discretion in admitting evidence of uncharged conduct under Evidence Code section 1101 resulting in the violation of his right to due process.  We conclude the trial court did not abuse its discretion and affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In December 2017, Sergeant Andrew Theodore conducted a proactive search of Internet protocol (IP) addresses in San Joaquin County for files containing images of children being sexually abused. He received notification of an IP address that contained "images of infants slash toddlers and prepubescent children being sexually assaulted." There were approximately 4,669 files, 4,645 of those files were "of investigative interest regarding child exploitation." Theodore was able to download 207 of those files. He confirmed those files to be images of children being sexually exploited and abused. (One hundred of those images would later be shown to the jury.)

Sergeant Theodore confirmed the IP address was registered to defendant. Theodore then obtained a search warrant for defendant's home, where he lived with his wife and three minor children. He, along with other officers, executed that warrant on February 14, 2018.

In the master bedroom of defendant's home, the officers found a desktop computer. Just below the computer's screen, on the left, the officers also found a "thumb drive." An initial screening of the thumb drive revealed images of children being sexually exploited and abused. The officers screened other devices in the home and none of the other devices outside of the master bedroom contained similar images.

After advising defendant of his *Miranda*[1] rights, Sergeant Theodore interviewed defendant. Defendant told Theodore the computer in the master bedroom was his. Defendant said his wife did not use the computer in the master bedroom and she had her own computer in the living room. Theodore also found a laptop computer in the home, which defendant identified as his daughter's.

---

[1]    *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

Sergeant Theodore focused his investigation on the computer and the thumb drive found in the master bedroom. The computer contained a program used to share files depicting child exploitation. The computer's operating system had only one user assigned to it: "Joey." The computer also had files with defendant's name, including a file on the computer's hard drive, created in the word processing program and signed by "Joe Martinez." Theodore also found "various stories that were in the same text format" depicting children being sexually exploited by an adult.

Included in those stories was a story titled "My Little Shower Mate 1." The nearly 24-page-long story describes in graphic detail an adult man repeatedly sexually abusing his 11-year-old stepdaughter over a period of months, including his increased sexual arousal when she is scared or in pain.

Sergeant Theodore's investigation revealed the thumb drive found near the computer in the master bedroom had, in fact, been plugged in to that computer. The thumb drive contained no fewer than 17,000 visual depictions of child sexual abuse and exploitation, including videos and still photographs of children under the age of 12 being sexually assaulted. Images of a female child between three and four years old being sexually assaulted by two adults, a man and a woman, were also on the thumb drive. In the computer's recycle bin, Theodore found another 20-30 photographs depicting the exploitation of children. At trial, Theodore testified these images had to be moved intentionally to the thumb drive and the recycle bin.

Defendant was subsequently arrested, and the People charged him with a single count of possessing child pornography, to which he pleaded not guilty. (Pen. Code, § 311.11, subd. (a).) Before trial, defendant moved to exclude admission of "My Little Shower Mate 1" (the story) from evidence. The People argued the story demonstrated that defendant was a person who collected this particular genre of child exploitation and abuse. Thus, the story was evidence that defendant did not possess visual images of children being exploited and abused by adults on accident.

3

Defendant argued the story was inadmissible character evidence. The story, he asserted, could only demonstrate that defendant "had the character to view these things . . . ."

The trial court ruled the story was admissible only to show lack of mistake and instructed the jury accordingly.

The jury found defendant guilty as charged. The trial court sentenced defendant to the middle term of two years in state prison.

DISCUSSION

Defendant contends the trial court abused its discretion in admitting into evidence "My Little Shower Mate 1," a story describing the repeated sexual abuse of a child by her stepfather that was found on his computer. The trial court admitted the story over defendant's objection, finding it relevant to prove lack of mistake under Evidence Code section 1101. Defendant now argues the evidence was not admissible to prove lack of mistake because he never put into issue that his conduct was the result of inadvertence or mistake. He further argues that even if the evidence were relevant, its prejudicial impact outweighed its probative value and should have been excluded under Evidence Code section 352. These errors, defendant contends, resulted in a violation of his right to due process. We are not persuaded.[2]

*A.*     *Applicable Legal Principles*

Generally, the prosecution may not use a defendant's uncharged conduct as evidence of a disposition to commit a charged criminal act. (Evid. Code, § 1101, subd. (a).) But such evidence is admissible "when relevant to prove some fact . . . such

---

[2]     The People contend defendant has forfeited his claim. Defendant responds: if the claim was forfeited, then he received ineffective assistance of counsel at trial. Because a claim for ineffective assistance of counsel would likely require us to address the merits of defendant's claim anyway, we address the merits of defendant's claim without deciding whether the issue was forfeited.

4

as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . . other than his or her disposition to commit such an act." (Evid. Code, § 1101, subd. (b).)

Because evidence of other conduct may be highly inflammatory, the admission of such evidence must " ' "not contravene other policies limiting admission, such as those contained in Evidence Code section 352." ' [Citation.]" (*People v. Lewis* (2001) 25 Cal.4th 610, 637.) Under Evidence Code section 352, the probative value of a defendant's prior act must not be substantially outweighed by the probability that its admission would create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 404; Evid. Code, § 352.) "We review for abuse of discretion a trial court's rulings on relevance and admission or exclusion of evidence under Evidence Code sections 1101 and 352." (*People v. Cole* (2004) 33 Cal.4th 1158, 1195.)

In order to convict a person under Penal Code section 311.11, subdivision (a), the prosecution must prove beyond a reasonable doubt that a person possessed or controlled in any manner, representation of information, data or image, namely photos or videos, that contained or incorporated in any manner, any film or filmstrip, the production of which involved the use of a person under the age of 18, personally engaging in or simulating sexual conduct; and that the person who possessed or controlled that matter knew that a person depicting in engaging in or simulating sexual contact was under the age of 18.

B.     *Analysis*

Defendant's possession of "My Little Shower Mate 1" was relevant to prove it was not a mistake that defendant also possessed sexually explicit photos of children on his computer. The presence of the story on defendant's computer provided context for defendant's crime. The graphic, written description of an adult man sexually abusing a child demonstrates that the presence of photographs depicting the sexual abuse of

5

children was not an accident or mistake, but rather an intentional acquisition by a person who collects depictions of children being sexually abused.

Notwithstanding defendant's argument to the contrary, whether defendant knew the photos he possessed depicted the sexual abuse of children was at issue. A "[d]efendant's not guilty plea put[s] in issue all of the elements of the offense[]" and even if an element of the crime is conceded by the defendant at trial, "the prosecution is still entitled to prove its case and especially to prove a fact so central to the basic question of guilt as intent." (*People v. Steele* (2002) 27 Cal.4th 1230, 1243; see Pen. Code, § 1019.)

The uncharged evidence was related to the charged offense, in that both involved depictions of children being sexually abused by adults. Moreover, possession of the story describing the sexual abuse of a child by her stepfather was no more serious or disturbing than the 100 photos depicting the sexual abuse of children that were presented to the jury. The story carried no more than the prejudice inherent in any uncharged conduct. Thus, in light of the relevance of the evidence, it was not an abuse of discretion to admit it.

Because the evidence was properly admitted, defendant's due process contention is without merit. (See *People v. Johnson* (2015) 61 Cal.4th 734, 763 ["when evidence is properly admitted under the Evidence Code, there is no violation of due process"].)

DISPOSITION

The judgment is affirmed.

/s/

HOCH, J.

We concur:

/s/

BLEASE, Acting P. J.

/s/

MAURO, J.

7